UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JODELINE REGIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| FUTABA INDIANA OF | ) |
| AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Jodeline Regis ("Regis"), brings this action against Defendant, Futaba Indiana of America Corporation ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"); the Americans With Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); the Pregnancy Discrimination Act ("PDA"); and 42 U.S.C. § 1981.

**PARTIES**

2. Regis has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a company operating within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 42 U.S.C. § 2000e-5(f)(3); 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 12117; and 42 U.S.C. § 1981.

5. Regis was an "employee" within the meaning of 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and 29 U.S.C. § 2611(3).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b); 42 U.S.C. §

12111(5)(A); and 29 U.S.C. § 2611(4).

7. Regis is a qualified individual with a disability and/or was regarded as disabled by Defendant.

8. Between February 1, 2021, and February 1, 2022, Regis was an "eligible employee" as that term is defined by the FMLA.

9. Regis had a "serious health condition," as that term is defined by the FMLA.

10. Between January 1, 2020, and February 7, 2022, Defendant employed 50 or more employees within a 75-mile radius of the location at which Regis worked.

11. Regis worked 1,250 or more hours in the 12-month period preceding February 1, 2022.

12. Regis satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Regis. She now timely files her lawsuit.

13. Venue is proper in this Court.

## **FACTUAL ALLEGATIONS**

14. Regis is female, is Black, is Haitian, was pregnant, and/or was regarded as disabled by Defendant.

15. Defendant hired Regis for a production worker position in or about April 2018. She was a Maintenance Technician when Defendant fired her.

16. Regis' work performance met or exceeded Defendant's legitimate expectations at all relevant times.

17. Regis discovered that she was pregnant in or about early January 2022.

18. Regis had previously suffered a devastating miscarriage.

19. Regis' doctor prescribed work restrictions for Regis because of her physical

-2-

impairment and the prior miscarriage. Regis' cervix was significantly thinning prematurely, thereby substantially limiting her in a major life activity.

20. On or about January 31, 2022, Regis informed Defendant that she was pregnant and that her doctor had prescribed work restrictions for her as a result of a prior miscarriage.

21. Regis' restrictions included being able to sit as needed, taking recommended breaks, and working only eight-hour shifts. The notice of her work restrictions constituted a request for a reasonable accommodation.

22. Regis continued to work in excess of her eight-hour restriction as required by Defendant.

23. Regis placed Defendant on notice that she would need leave under the FMLA because of her pregnancy.

24. In or about early February 2022, Defendant notified its employees on its social media platform that the plant was remaining open even though the Vincennes area had received significant snowfall.

25. Regis engaged in protected conduct under the National Labor Relations Act when she posted on her Facebook, in Creole, that Defendant's decision was, in essence, wrong due to the dangerous weather. Her post commented on the terms and conditions of employment at Defendant.

26. On or about February 7, 2022, Defendant fired Regis for allegedly violating its social media policy.

27. Defendant has accorded more favorable treatment to similarly-situated individuals outside of Regis' protected classes.

28. For instance, Chris Hoskins ("Hoskins") made a post on social media that violated Defendant's social media policy. His post showed a fabricated management employee firing a gun

at a Defendant team member with his comment: "Why doesn't anyone want to work here?" This post also violated Defendant's workplace violence policy. Defendant, however, did not fire Hoskins.

29. Defendant fired Regis because of her sex, her pregnancy, her race, her national origin, her disability, its perception of her being disabled, and/or her statutorily-protected conduct (asking for a reasonable accommodation and FMLA leave).

30. Any reason proffered by Defendant for the adverse actions it took against Regis is pretextual.

31. Regis has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

### NATIONAL ORIGIN DISCRIMINATION – TITLE VII

32. Regis hereby incorporates paragraphs 1-31 of her Complaint.

33. Defendant fired Regis because of her national origin.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Regis' rights as protected by Title VII.

## COUNT II

### RACE DISCRIMINATION – TITLE VII

35. Regis hereby incorporates paragraphs 1-34 of her Complaint.

36. Defendant fired Regis because of her race.

37. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Regis' rights as protected by Title VII.

## COUNT III

## PREGNANCY DISCRIMINATION – TITLE VII/PDA

38. Regis hereby incorporates paragraphs 1-37 of her Complaint.

39. Defendant fired Regis because of her pregnancy.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Regis' rights as protected by Title VII/PDA.

## COUNT IV

## SEX DISCRIMINATION – TITLE VII

41. Regis hereby incorporates paragraphs 1-40 of her Complaint.

42. Defendant fired Regis because of her sex.

43. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Regis' rights as protected by Title VII.

## COUNT V

## NATIONAL ORIGIN/ETHNICITY DISCRIMINATION – 42 U.S.C. § 1981

44. Regis hereby incorporates paragraphs 1-43 of her Complaint.

45. Defendant fired Regis because of her national origin/ethnicity.

46. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Regis' rights as protected by 42 U.S.C. § 1981.

## COUNT VI

## RACE DISCRIMINATION – 42 U.S.C. § 1981

47. Regis hereby incorporates paragraphs 1-46 of her Complaint.

48. Defendant fired Regis because of her race.

49. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Regis' rights as protected by 42 U.S.C. § 1981.

## COUNT VII

### DISABILITY DISCRIMINATION – ADA

50. Regis hereby incorporates paragraphs 1-49 of her Complaint.

51. Regis asked for a reasonable accommodation.

52. Defendant ignored Regis' request, did not engage in the interactive process with her, and did not proffer an alternative accommodation to her.

53. Defendant fired Regis because of her disability and/or its perception of her being disabled.

54. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Regis' rights as protected by the ADA.

## COUNT VIII

### VIOLATIONS OF THE FMLA

55. Regis hereby incorporates paragraphs 1-54 of her Complaint.

56. Regis asked for FMLA-qualifying leave.

57. Defendant fired Regis because of her FMLA request.

58. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Regis' FMLA rights.

## COUNT IX

### RETALIATION – ADA

59. Regis hereby incorporates paragraphs 1-58 of her Complaint.

60. Regis asked for a reasonable accommodation.

61. Defendant fired Regis because of her engagement in statutorily-protected conduct.

62. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Regis' rights as protected by the ADA.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Jodeline Regis, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Regis;

2. Defendant reinstate Regis to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3. Defendant pay compensatory and punitive damages to Regis;

4. Defendant pay liquidated damages to Regis;

5. Defendant pay pre- and post-judgment interest to Regis;

6. Defendant pay Regis' attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Regis any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Jodeline Regis

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone: (317)802-7181
Email: bwilson@wilsonmelton.com
smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Jodeline Regis, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Jodeline Regis